UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE:<br>Jaquana Tanecia Milledge,<br>SSN# (xxx-xx-3074)<br>aka Jaquana T Milledge,<br>aka Jaquana Milledge,<br><br>  Debtor,<br><br>Jaquana Tanecia Milledge,<br>SSN# (xxx-xx-3074)<br>aka Jaquana T Milledge,<br>aka Jaquana Milledge,<br><br>  Plaintiff,<br><br>v.<br><br>Carolina Acceptance,<br><br>  Defendant(s) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.: 21-02968 jw<br><br><br><br><br><br><br><br><br>CHAPTER 13<br><br><br><br><br><br><br><br><br><br><br><br><br>Adv. Proc. No. |

**COMPLAINT SEEKING TURNOVER OF PROPERTY PURSUANT TO 11. U.S.C. §542**

Plaintiff, above-named, would respectfully show unto this Court the following:

1. Plaintiff is the Debtor in the above-captioned Chapter 13 case, having filed a Petition for Relief on or about November 17, 2021. This Court has jurisdiction over this proceeding, which arises under the Bankruptcy Code and concerns property of the Debtors, pursuant to 28 U.S.C. §1334. This proceeding is a core proceeding.

2. Defendant is the holder of an allowed secured claim, secured by a 2016 Dodge Charger SXT.

3. Certain of the Debtor's exempt property, which is property of the estate as defined by 11 U.S.C. §541, to wit, the vehicle in which they have an interest, is in the possession of Defendant.

4. Defendant was given notice of Plaintiff's filing of the petition, as evidenced by the creditor matrix and certificate of service on file with this Court. Additionally, the Debtor's attorney communicated several times by telephone and facsimile to Defendant's attorney that the Debtor had filed a Chapter 13 Bankruptcy. Furthermore, the creditor also filed an objection to the debtor's Chapter 13 plan on December 6, 2021, prior to the repossession indicating knowledge of filing. Debtor's attorney tried multiple times to make appropriate arrangements with the Defendant regarding the 2016 Dodge Charger SXT. Defendant, through her attorney, and the creditor, through their attorney, came to an understanding for returning the vehicle if the debtor paid the December 2021 immediately and paid the January, 2022 payment by this payment would be late, January 16, 2022. The debtor would amend her Chapter 13 plan to pay the vehicle outside the plan with attorney's fees and repossession charges inside the plan. As such, the creditor would not be harmed and would receive payments per the contract. This understanding was agreed with by the debtor who proceeded to attempt to pay the December 2021 payment on December 30, 2021. The creditor did not accept this payment. Upon contacting creditor's counsel, she indicated we did not have an agreement. Thus, Defendant has refused to turn over the 2016 Dodge Charger SXT.

5. Upon request of notice of the filing of the bankruptcy, Defendant was required pursuant to 11 U.S.C. §542, to turn over this exempt property to the trustee in this case.

6. The trustee has not acted to recover this exempt property of the Debtors.

7. Under 11 U.S.C. §1306, the Debtor is entitled to possession of all property of the estate.

8. Without the use of the subject vehicle, the Debtor will be under considerable strain to succeed in her Chapter 13 Plan.   The vehicle is necessary for the Debtor's reorganization, as it is used in the Debtor's reorganization. Because Debtor requires vehicle for her to be able to work this vehicle helps the household and is required.   Furthermore, Debtor has four (4) children so use of a reliable vehicle is necessary for the household.   Plaintiff is suffering, and will continue to suffer, irreparable harm by being without this means of transportation, since transportation is necessary for debtor's household.   Without this vehicle, the Debtor's Chapter 13 bankruptcy is in jeopardy.

9. The Debtor has provided adequate protection of the Defendant's interest through the Chapter 13 Plan by which they offer payments to the Defendant equaling the full amount of the secured claim plus interest at the rate of 5.25% per annum. The Debtor also paid $4,500.00 as a down payment on the vehicle at time of purchase.

10. The Debtor has continued to maintain the property taxes and has proper insurance on the subject vehicle.

11. Nonetheless, Defendant has refused to turn over the property as required by 11 U.S.C. §542.

WHEREFORE, Plaintiff prays that this Court:

a. Order Defendant forthwith to turn over the vehicle to the Debtor;

b. Find that Defendant is in contempt of Court for violating 11 U.S.C. §§ 362 and 542;

  c.  Award Plaintiff, pursuant to 11 U.S.C. §§ 105(a) and 362(h), actual damages, reasonable attorney's fees and costs, and punitive damages; and

  d.  Order giving such other and further relief as is just and proper.

            Respectfully submitted.

            MOSS & ASSOCIATES, ATTORNEYS, P.A.

            /s/ Jason T. Moss
            Jason T. Moss
            Federal I.D. No.   7240
            816 Elmwood Avenue
            Columbia, South Carolina 29201
            (803) 933-0202
            Attorney for the Debtor(s)

Columbia, South Carolina

January 3, 2022