UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | |
| Jaquana Tanecia Milledge, | ) | CASE NO.: 21-02968 jw |
| SSN# (xxx-xx-3074) | ) | |
| aka Jaquana T Milledge, | ) | |
| aka Jaquana Milledge, | ) | |
| | ) | |
| Debtor, | ) | |
| | ) | |
| Jaquana Tanecia Milledge, | ) | CHAPTER 13 |
| SSN# (xxx-xx-3074) | ) | |
| aka Jaquana T Milledge, | ) | |
| aka Jaquana Milledge, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Carolina Acceptance, | ) | |
| | ) | |
| Defendant(s) | ) | |
| | ) | |
| | ) | Adv. Proc. No.   22-80001 |
| | ) | |
| | ) | |

**MOTION FOR IMMEDIATE TURNOVER**

Debtor, by the undersigned counsel, hereby moves for an Order of this Court to require the above-captioned Defendant to immediately turn over the below-described vehicle to Debtor. Debtor assigns the following reasons for this request:

1. Certain of the Debtor's exempt property, which is property of the estate as defined by 11 U.S.C. §541, to wit, a 2016 Dodge Charger SXT in which Debtor has an interest, is in the possession of Defendant.

2. Plaintiff is suffering, and will continue to suffer, irreparable harm by being without this means of transportation, since stated transportation is necessary for Debtor's employment,

thus placing the Chapter 13 reorganization in jeopardy. Because Debtor requires vehicle for her to be able to work this vehicle helps the household and is required.   Furthermore, Debtor has four (4) children so use of a reliable vehicle is necessary for the household.   Plaintiff is suffering, and will continue to suffer, irreparable harm by being without this means of transportation, since transportation is necessary for debtor's household.   Without this vehicle, the Debtor's Chapter 13 bankruptcy is in jeopardy.

    3.   Plaintiff is continuing to be solely responsible for the taxes and insurance on vehicles which is in Defendant's possession.

    4.   Defendant was given notice of Plaintiff's filing of the petition, as evidenced by the creditor matrix and certificate of service on file with this Court.   Additionally, the Debtor's attorney communicated several times by telephone and facsimile to Defendant's attorney that the Debtor had filed a Chapter 13 Bankruptcy.   Furthermore, the creditor also filed an objection to the debtor's Chapter 13 plan on December 6, 2021, prior to the repossession indicating knowledge of filing. Debtor's attorney tried multiple times to make appropriate arrangements with the Defendant regarding the 2016 Dodge Charger SXT. Defendant, through her attorney, and the creditor, through their attorney, came to an understanding for returning the vehicle if the debtor paid the December 2021 immediately and paid the January, 2022 payment by this payment would be late, January 16, 2022. The debtor would amend her Chapter 13 plan to pay the vehicle outside the plan with attorney's fees and repossession charges inside the plan.   As such, the creditor would not be harmed and would receive payments per the contract. This understanding was agreed with by the debtor who proceeded to attempt to pay the December 2021 payment on December 30, 2021.   The creditor did not accept this payment.   Upon

contacting creditor's counsel, she indicated we did not have an agreement.   Thus, Defendant has refused to turn over the 2016 Dodge Charger SXT.

WHEREFORE, Debtor hereby moves for an Order of this Court granting an expedited hearing on the Motion for Immediate Turnover.

        Respectfully submitted.

        MOSS & ASSOCIATES, ATTORNEYS, P.A.

        /s/ Jason T. Moss
        Jason T. Moss
        Federal I.D. No.   7240
        816 Elmwood Avenue
        Columbia, South Carolina 29201
        (803) 933-0202
        Attorney for the Debtor(s)

Columbia, South Carolina

January 3, 2022