UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | Chapter 13 |
| | Case No. 21-02968-jw |
| Jaquana Tanecia Milledge | |
| Debtor. | |
| Jaquana Tanecia Milledge, | |
| Plaintiff, | Adversary Case No. 22-80001-jw |
| vs. | MOTION TO DISMISS AMENDED ADVERSARY COMPLAINT AND MEMORANDUM IN SUPPORT INCLUDING REQUEST FOR FEES |
| Carolina Acceptance, | |
| Defendant. | |

Pursuant to Rule 7012(b)(6), Fed.R.Bankr.P., Carolina Acceptance ("Defendant") hereby files its Motion to Dismiss Amended Adversary Complaint primarily on the grounds that there was no automatic stay in place at the time of the repossession and sale, that Defendant notified Plaintiff of its intent to dispose of the vehicle, and in the event that there was an issue, it is a state court matter and not a bankruptcy court matter, so this court should abstain from hearing the matter. Similarly, Defendant asserts this is not a core proceeding.

FACTS

1. On or about August 14, 2020, Plaintiff filed a chapter 13 bankruptcy case, case number 20-03242-dd, which this court subsequently dismissed on January 11, 2021.

2. On March 23, 2021, Plaintiff filed a second case under chapter 13, case number 21-00808-dd, which the court dismissed on June 1, 2021 before confirmation.

3. On or about October 21, 2021, Plaintiff purchased a 2016 Charger vehicle, financing the Charger with Defendant.

4. On November 17, 2021, Plaintiff filed the third and instant bankruptcy case, case number 21-02968-jw, pending before the court.

5. On the same day, November 17, 2021, Plaintiff filed her schedules, statements ("Schedules") and plan of reorganization ("Plan").

6. On November 30, 2021, Defendant sent a Right to Cure Letter to Movant. The Right to Cure Letter gave Debtor until December 20, 2021 to cure the arrears.

7. On December 6, 2021, Defendant filed its Objection to Chapter 13 Plan.

8. On December 21, 2021, the court held the Meeting of Creditors.

9. On or about December 22, 2021, Defendant sent its Notice of Disposition of Collateral.

10. On or about December 31, 2021, Plaintiff represents she went to pay $500, which Defendant did not accept.

11. On January 3, 2022, Plaintiff filed this adversary.

12. On January 3, 2022, Plaintiff filed its Motion for Immediate Turnover of the collateral but failed to request a stay or restraining order.

13. On January 4, 2022, Defendant sold the Charger at a dealer sale in accordance with state law.

14. On January 5, 2022, Defendant timely responded to the Motion for Immediate Turnover.

15. On January 6, 2022, the court held a hearing on the Motion for Immediate Turnover.

16. On January 11, 2022, Plaintiff amended her complaint.

17. On January 11, 2022, the court entered its Order Denying the motion for immediate turnover.

18. On January 21, 2022, Defendant filed a Motion to Dismiss Adversary Action.

19. On February 17, 2022, this Court entered an order granting the Motion to Dismiss.

20. On March 3, 2022, Plaintiff filed an Amended Complaint Seeking Turnover of Property to which Defendant responds by this Motion.

## LAW

Rule 7008, Fed.R.Bankr.P. provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Rule 8, made applicable in this adversary proceeding by Bankruptcy Procedure 7008, states that "[a] pleading that states a claim for relief must contain ... a short and plain

> statement of the claim showing that the pleader is entitled to relief; and ... a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8; Fed. R. Bankr. P. 7008. Although no special form of pleading is generally required,23 "[e]ach allegation [in a pleading] must be simple, concise, and direct" and "be construed so as to do justice." Rule 8(d)(1) and (e). See Charles Alan Wright and Arthur R. Miller, et al., 5 Federal Prac. & Proc. Civ. § 1215 (3d ed) (Rule 8 "indicates that a basic objective of the rules is to avoid civil cases turning on technicalities and to require that the pleading discharge the function of giving the opposing party fair notice of the nature and basis or grounds of the pleader's claim and a general indication of the type of litigation that is involved....").

*In re Barnhardt*, No. AP 17-80038-JW, 2018 WL 1226070, at *7 (Bankr. D.S.C. Jan. 10, 2018).

"While Rule 8 may have previously been accepted as setting forth a 'notice pleading' standard, the Supreme Court has since amplified this standard". *In re Holmes*, 610 B.R. 541, 546 (Bankr. D.S.C. 2020). The mere "possibility that a plaintiff might later establish some set of undisclosed facts to support recovery" is insufficient to survive a Rule 12(b)(6) challenge. *Twombly,* 550 U.S. 544, 562 (internal quotation marks and brackets omitted). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint" *Edwards v. City of* Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) (quoting *Republican Party v.* Martin, 980 F.2d 943, 952 (4th Cir. 1992)). Typically, The court's review is limited to the complaint and attached documents. *CACI Int'l, Inc. v. St. Paul Fire & Marine Ins., Co.,* 566 F.3d 150, 155(4th Cir. 2009)(citations omitted). However, the court also can consider "any documents either attached to or incorporated in the complaint[,] and matters of which [courts] may take judicial notice." *Equal Emp't OpportunityComm'n v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). *FTC v. Facebook*, D.C. Cir. 20-3590, June 28, 2021).

> Rule 12(b)(6) provides a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992), *cert. denied*, 510 U.S. 828, 114 S.Ct. 93, 126 L.Ed.2d 60 (1993). Thus, the Court's inquiry is limited to determining whether the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Rule 8(a)(2).

*In re Foxwood Hills Prop. Owners Ass'n, Inc.,* 625 B.R. 851, 856 (Bankr. D.S.C. 2020). "Under a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. Importantly, '[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Id*. *In re Foxwood Hills Prop. Owners Ass'n, Inc.,* 625 B.R. 851, 856 (Bankr. D.S.C. 2020). A court considering a motion to dismiss may disregard a mere recitation of elements and conclusory allegations, judging the complaint only on well-pleaded factual allegations. *See Fisher v. Pelstring,* 817 F. Supp. 2d 791, 831 (D.S.C. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)); *see also Papasan v. Allain,* 478 U.S.. 265, 286 (1986). Though the Court "must accept the truthfulness of all factual allegations, [it] need not assume the veracity of 'bare legal conclusions.'" *Burnette v. Fahey,* 687 F.3d 171, 180 (4th Cir. 2012) (quoting *Aziz v. Alcolac, Inc.* 658 F.3d 388, 391 (4th Cir. 2011)).

> Under Rule 12(b)(6), to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as *763 true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A complaint meets the plausibility standard when it "articulate[s] facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief, i.e., the 'plausibility of "entitlement to relief." ' " *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (*quoting Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937). The pleader must provide more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (citations omitted). In reviewing claims for failure to state a claim, a court must construe the allegations in the light most favorable to the plaintiff. *Haynsworth Sinkler Boyd, P.A. v. Holmes (In re Holmes*), 610 B.R. 541, 546 (Bankr. D.S.C. 2020).

*In re Jones*, 618 B.R. 757, 762–63 (Bankr. D.S.C. 2020). See also *FTC v. Facebook*, D.C. Cir. 20-3590, June 28, 2021)("The Court need not accept as true, then, "a legal conclusion couched as a factual allegation," *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)), nor "inferences . . . unsupported by the facts set out in the complaint." Id. (quoting *Kowal v. MCI Commc'ns Corp*., 16 F.3d 1271, 1276 (D.C. Cir. 1994))").

Property of the Estate – 11 U.S.C. §§541(a), 542, and 1306(b))

Plaintiff brought her first cause of action alleging relief under §§541(a), 542, and 1306(b), arguing the property is property of the estate and should be turned over to the Plaintiff. To sustain dismissal, Plaintiff must show the property is property of the estate, however her own statutory law shows otherwise. Section 522(b)(1).of the bankruptcy code expressly provides: "Notwithstanding section 541 of

this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection." Section 542(a) of the bankruptcy code expressly provides "Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody or control, during the case, of property that the trustee may use, sell or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." Section 1306(b) states: "Except as provided in a confirmed plan or order confirming a plan, the debtor shall remain in possession of all property of the estate." Plaintiff has not alleged the existence of a confirmed plan at the time the vehicle was sold. Plaintiff has requested the court in paragraph 33 of her complaint to find the property in issue was property of the estate, however this court should take judicial notice the property was exempted on Debtor's schedule C, thereby removing it from property of the estate and any expected protections available by those sections. Cause of action 1 fails because the property in question was not property of the estate.

### Contents of Plan– 11 U.S.C. §1322(b)(3)

Plaintiff's complaint is deficient as to the second cause of action insofar as it states no facts other than mere conclusions of law and makes no legal argument. Section 1322(b)(3) provides: "Subject to subsections (a) and (c) of this section the plan may-provide for the curing or waiving of any default." This section merely says what the plan may contain, not the impact of filing a plan or any duty of the Defendant to object with specificity. Plaintiff's complaint fails to state an actionable cause of action under this section.

Such is a confirmation issue in the event the case proceeds to the point of confirmation. The court can take judicial notice Debtor's initial plan never made it to confirmation. Rather, Debtor amended her plan and Defendant did not object to the amended plan up for confirmation.

Plaintiff has failed to provide any case law to support the mere filing of a plan binds the Defendant. Again, Plaintiff's complaint fails to allege the plan was confirmed. This court can take judicial notice it was not confirmed at the time Defendant sold the vehicle in question.

### Extension of Time based on Settlement – 11 U.S.C. §108(b)

Plaintiff's complaint is deficient as to the third cause of action insofar as in it Plaintiff asserts that there was an agreement between the parties, however such is conclusory without substantiation. Plaintiff has failed to demonstrate the existence of an agreement. Her complaint failed to state the terms of the agreement or to attach any written document demonstrating an agreement between the parties. Her only detail was in paragraph 17 of the complaint, the improper disclosure of a settlement offer that Plaintiff rejected. She failed to even proffer the Right to Cure letter or any proof of payment of a specific amount.

WHEREFORE, Defendant prays the court dismiss the adversary action and to be awarded attorney's fees in no less than $1,000 to be paid by the Plaintiff.

                        MOORE BRADLEY MYERS LAW FIRM, P.A.

By:      /s/ Jane H. Downey
          Jane H. Downey, ID 5242
          PO Box 5709
          West Columbia, SC 29171
          (803) 454-1983
          jane@mbmlawsc.com
          Attorney for Defendant

March 14, 2022

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | Chapter 13 |
| | Case No. 21-029680-jw |
| Jaquana Tanecia Milledge | |
|            Debtor. | |
| Jaquana Tanecia Milledge, | |
|            Plaintiff, | Adversary Case No. 22-80001-jw |
| vs. | CERTIFICATE OF SERVICE |
| Carolina Acceptance, | |
|            Defendant. | |

I do hereby certify that I have served the parties in this action listed below with a copy of the pleading(s) hereinbelow specified by mailing a copy of the same today by United States Mail, postage prepaid, to the following address(es):

Pleadings:        Motion to Dismiss Amended Adversary Complaint and Memorandum in Support Including Request for Attorneys Fees

Parties Served:    Jason T. Moss
Moss & Associates, Attorneys, PA
816 Elmwood Ave.
Columbia, SC 29201

Jaquana Tanecia Milledge
3 Fox Run Lane
Columbia, SC 29210

Jaquana Tanecia Milledge
14 Sandy Springs Court, Apt. B
Columbia, SC 29210

Annemarie B. Mathews (by CM/ECF only)

                                          MOORE BRADLEY MYERS LAW FIRM, PA

                                By:       /s/ Jane H. Downey
                                                   Jane H. Downey, ID 5242
                                                   PO Box 5709
                                                   West Columbia, SC 29171
                                                   (803) 454-1983
                                                   jane@mbmlawsc.com
                                                   Attorney for Defendant

March 14, 2022