## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **IN RE:** | | |
| Jaquana Tanecia Milledge, | ) | CASE NO.: 21-02968 jw |
| SSN# (xxx-xx-3074) | ) | |
| aka Jaquana T Milledge, | ) | |
| aka Jaquana Milledge, | ) | |
| | ) | |
| Debtor, | ) | |
| | ) | |
| Jaquana Tanecia Milledge, | ) | CHAPTER 13 |
| SSN# (xxx-xx-3074) | ) | |
| aka Jaquana T Milledge, | ) | |
| aka Jaquana Milledge, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Carolina Acceptance, | ) | |
| | ) | |
| Defendant(s) | ) | |
| | ) | |
| | ) | Adv. Proc. No. 22-80001 |
| | ) | |
| | ) | |

### RESPONSE TO MOTION TO DISMISS

The Debtor in this matter, by and through her undersigned counsel, responds to the

Motion to Dismiss:

On March 14, 2022, the Defendant, by and through their counsel, filed a motion to

Dismiss Adversary Complaint primarily on the grounds that there was no automatic stay in place

at the time of the repossession and sale, that Defendant notified Plaintiff of its intent to dispose

of the vehicle, and in the event that there was an issue, it is a state court matter and not a

bankruptcy court matter, so this Court should abstain from hearing the matter, under Rule

7012(b)(6) Fed. R. Bankr. P.   This rule is a mirror of F.R.C.P. 12(b)(6), dismissing a case for

Failing to State a Claim.

Debtor states that the Bankruptcy Court does have jurisdiction of the case at bar due to the nature of the claims asserted under 11 U.S.C. §§362, 542, 1306 and 28 U.S.C. §1334. Specifically, 28 U.S.C. §1334(a) which states that the District Court shall have original and exclusive authority of all cases under Title 11. Also, Defendant's contract with the Plaintiff provides applicable law to Federal and South Carolina law. This would allow the United States Bankruptcy Court to administer this case as a core proceeding.

## RESPONSES IN REGARD TO FACTS PRESENTED BY DEFENDANT IN MOTION TO DISMISS

1.    Debtor agrees to statement as asserted.

2.    Debtor agrees to statement as asserted.

3.    Debtor agrees to statement as asserted.

4.    Debtor has no knowledge as to statement as asserted.

5.    Debtor agrees to statement as asserted without specificity.

6.    Debtor has no express knowledge as to statement as asserted, but does assert she did not receive a Right to Cure from the Defendant.

7.    Debtor agrees to statement as asserted.

8.    Debtor agrees to statement as asserted.

9.    Debtor has no express knowledge as to statement as asserted, but does assert she did not receive a Notice of Disposition of Collateral.

10.    Debtor does not agree to the statement as asserted.   Debtor asserts that she attempted to make a payment of $615, which constituted a regular payment and late fees, based upon an understanding that an agreement to do so had been reached by her, through her counsel, and the plaintiff, through there counsel.

11.     Debtor agrees to statement as asserted.

12.     Debtor agrees to statement as asserted.

13.     Debtor has no express knowledge as to statement as asserted.

14.     Debtor agrees to statement as asserted.

15.     Debtor agrees to statement as asserted.

16.     Debtor agrees to statement as asserted.

17.     Debtor agrees to statement as asserted.

18.     Debtor agrees to statement as asserted.

19.     Debtor does not agree to the statement as asserted. The Court did grant the
Motion to Dismiss, in part, but only as to the part addressing Section 362, but denied the Motion
to Dismiss as to the rest of the complaint.

20.     Debtor agrees to statement as asserted.

## LEGAL ANALYSIS

Plaintiff states that she is stating a claim with specificity in both her initial complaint and
amended complaint. Defendant did have knowledge of the bankruptcy filing, did object to the
Chapter 13 plan only as to interest rate and feasibility, and repossessed property of the estate
without redress from the Bankruptcy Court as required by 11 U.S.C. §1306(b) and §1325. This
failure on behalf of the Defendant to get a finding of the Court prior to repossessing property of
the estate allows the Plaintiff with the express ability to recover at the time of the regress.

The Defendant also asserts Iqbal as the basis for this Motion to Dismiss under F.R.B.P.
7012(b)(6), which mirrors, F.R.C.P. 12(b)(6), stating that the Plaintiff is not stating facts that
support recovery. Facts are present to present a stated claim that does have recovery. The
Defendant has failed to show how this was not property of the estate administered by the trustee,

and in possession of the debtor until the court decides the issues surrounding confirmation.

The Defendant also fails to acknowledge that Twombly states that the presumption of the existence of a "well-pleaded" claim is seen in the light most favorable to the Plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A judge ruling on a motion must accept allegations as true and may not dismiss on the ground that it appears unlikely the allegation can be proven and the claim to relief must be plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff states her claims for relief with specificity and not in a general, sweeping assertion.

<u>FIRST CAUSE OF ACTION</u>
[Property of the Estate – 11 U.S.C. §§ 541(a), 542, and 1306(b)]

Plaintiff is clearly and concisely stating, in her first cause of action, that the Defendant did violate 11 U.S.C. §§541, 542, and 1306. The Defendant states that they repossessed property of the estate during the bankruptcy case indicating its intent to dispose of the vehicle. The Plaintiff asserts through facts stated in the complaint that based on the foregoing sections of the Bankruptcy Code the post-petition repossession was inappropriate. Thus, Plaintiff clearly stated claims in the complaint and subsequent amended complaints. Defendant did not attempt to contradict these claims, only asserted that they could not be in violation of any code section since they did not have the property any longer according to state law. However, their own contract states that Federal Law and South Carolina law will govern, so the Defendant's obligation was not to comply solely with state law, but also with federal law, thus bankruptcy law. The issue at bar was not if they had the property, but that they had improperly taken property of the estate, not returned such property of the estate to the trustee, as required by §542, or to the debtor in possession, as required by §1306.

Also, 11 U.S.C. §541(a) guides stating that the commencement of a case creates an estate. Such estate is comprised of all the following property, wherever located and by whomever

held: (1) all legal or equitable interests of the debtor in property as of the commencement of the case. Senate Report No. 95-989 on §542(a) further states that the property be delivered to the trustee or debtor in possession. This report does not talk about "creditor in possession." And lastly 11 U.S.C. §1306(b) which states that except as provided in a confirmed plan or order confirming plan, the **debtor** shall remain in possession of all property of the estate. Defendant is correct that there was no confirmed plan but is incorrect in that they acted prior to there being a confirmation hearing. As such, Debtor would remain in possession of property of the estate until such time that the Court confirmed the plan or gave an order confirming the plan. Senate Note No. 95-989 also states on this section, that a Chapter 13 debtor need not surrender possession of property of the estate, unless required by the plan or order of confirmation. Debtor did not surrender possession of the subject property, but had the property taken by the Defendant.

SECOND CAUSE OF ACTION
[Contents of Plan - 11 U.S.C. §1322(b)(3)]

Plaintiff asserts as her second cause of action the contents of her initial plan. Plaintiff chose to pay for the debt through her Chapter 13 plan, which is prima facie evidence of redemption of the debt. Thus, the debtor would assert that the Defendant repossessed the property inappropriately. The plan, submitted to the court on November 17, 2021, addressed the subject debt by paying for the debt through the Plaintiff's Chapter 13 plan, which is prima facie evidence of redemption of the debt. Defendant only objected to the plan for interest rate and feasibility, not that the asset was not property of the estate, as defined by §§541 and 542. Thus, the debtor asserts that the Defendant repossessed the property inappropriately. Plaintiff cured any default concerning the Defendant's debt through the plan by addressing and paying for the debt through her monthly bankruptcy payment. Defendant's objection to the plan, filed December 6,

2021, does not indicate that the property was not property of the estate, but on the contrary, Defendant specifically requests "Creditor requests the Court deny confirmation unless the Debtor pays the loans outside the plan per the contract, and pays actual attorney's fees and costs or surrenders the property under lien to the Creditor." Defendant also did not amend their objection to state that the property was not property of the estate. Debtor asserts she was in possession of the subject property and that this property was in fact property of the estate

Defendant does allude to the fact that plaintiff amended her initial plan to address the subject property but only because the Defendant improperly took the property, necessitating this the present action. At any time, the Defendant could have asserted that the subject property was not property of the estate, but never did so only making cursory objections to the Plaintiff's initial plan based on interest rate and feasibility. The Defendant also gave the Court latitude to conclude any treatment as the Court saw fit, specifically stating in their objection, "should the Debtor retain the collateral under lien to Creditor, Creditor hereby objects to receiving only a 5.25% interest rate." The above issues pled by the Defendant are issues for confirmation and not issues of denying the estate of its property, however by improperly taking the subject property prior to confirmation they denied the Plaintiff the opportunity to have this objection heard by the Court and the plan either confirmed or denied.

The Defendant asserts that there are no facts to substantiate this action, however the plan states with specificity the intent of the Plaintiff and is fact driven. The Plaintiff did have possession of the subject property. The Plaintiff did in fact address the subject debt attached to the subject property which effectively addressed any default of the debt. And lastly, the Defendant did in fact improperly take the subject property without giving the court an opportunity to address this plan and confirm the plan as stated. The Plaintiff did have to amend

her plan, but only because the Defendant improperly took the subject property, sold the subject

property taking away an opportunity for the Plaintiff to cure said default. A judge ruling on a

motion must accept allegations as true and may not dismiss on the ground that it appears unlikely

the allegation can be proven and the claim to relief must be plausible on its face. *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff states this claim for relief with specificity and not in a

general, sweeping assertion, as stated by the Defendant.

### THIRD CAUSE OF ACTION
[Extension of Time based on Settlement - 11 U.S.C. §108(b)]

The Defendant asserts that there were no settlement agreements between the parties

which could facilitate an extension of time to settle the issue.   The Plaintiff's amended

complaint does, with specificity, acknowledge offers of settlement and acceptance of settlement.

The Defendant asserts that the Plaintiff improperly disclosed the settlement offer but only after

the Defendant failed to even state any such offer.   However, the code section, 108(b) allows for

an extension of time, specifically here, for the disposition of property, when a possible settlement

offer with the code section providing that "[I]f applicable non bankruptcy law, an order entered

in a non-bankruptcy proceeding, or an agreement fixes a period within which the debtor…may

file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other

similar act, and such period has no expired before the filing of the petition."   This code section

would be beneficial to the Plaintiff since she, through her plan, cured a default prior to such

period expiring before the filing of the petition, since the action at question had not occurred at

the time the petition was filed.

Also, there was a settlement agreement to pay as stated in the Plaintiff's complaint which

would facilitate an extension of the time to act. Debtor adds that between December 6, 2021, and

January 3, 2022, there were attempts on both sides to settle this issue. Defendant presented the

Plaintiff with a settlement of giving back $2,000.00 of the $4,550.00 down payment that they had received. Plaintiff rejected this offer on its face as the $2,000.00 would not benefit the estate like the 2016 Dodge Charger would benefit the estate. Plaintiff and Defendant, through their attorneys, then discussed and agreed in principal that the Plaintiff would pay one payment for the December 2021 payment, immediately (by December 31, 2021) and one payment for the January payment by January 16, 2022, with applicable attorney's fees and repossession charges paid to the Defendant through the plan. Debtor was to remove payment through the plan and begin making these payments outside of the plan. Debtor contacted the creditor to pay as agreed and told by the Defendant they would not accept payments. Defendant's attorney then stated that she never made any such agreement, constituting the need to file this action. The Defendant's Motion to Dismiss alludes to this settlement agreement by the Plaintiff attempting to make a payment, as the agreement stated. Plaintiff would proffer that there was an agreement.  The Defendant will not even acknowledge there was any discussion of such an agreement.  This would not turn the complaint, however, is something for the Court to find after discovery and depositions.

Plaintiff would also assert that 11 U.S.C. § 108(b) holds since the Trustee still had the ability to object to any exemptions based on F.R.B.P 4003(b) which affords the Trustee the ability to object to an exemption for thirty (30) days after the Section 341 hearing.  This would afford the subject property remaining property of the estate until which time this period had passed.

Furthermore, the Bankruptcy Court, as a court of equity, and based on 28 U.S.C §1334 having jurisdiction over any decision placed before it in this action can decide these issues.  Iqbal states that the court is assigned the task to determine whether a complaint states a plausible claim

for relief based on its judicial experience and common sense. *Iqbal* at 679. The Court is thus the

final say in the plausibility of the stated claims in this action. The Defendant did not allow the

Court to decide this issue as required. The stated facts assert the Defendant improperly

repossessed post-petition and improperly disposed of property of the estate. The Court must

assess these facts as true and determine if there is in fact a claim of recovery.

THEREFORE, Plaintiff prays for the Court to deny the Defendant's Motion to Dismiss

Adversary Complaint.   Also, for the Court to deny Defendant's request for attorney's fee, or for

such other relief as is equitable and adequate.

Respectfully submitted.

MOSS & ASSOCIATES, ATTORNEYS P.A.

/s/ Jason T Moss
Jason T Moss
Federal I.D. No. 7240
816 Elmwood Avenue
Columbia, South Carolina 29201
(803) 933-0202
Attorney for Debtor

Columbia, South Carolina

March 24, 2022

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

**IN RE**

| | | |
|---|---|---|
| Jaquana Tanecia Milledge, | ) | CASE NO.: 21-02968 jw |
| SSN# (xxx-xx-3074) | ) | |
| aka Jaquana T Milledge, | ) | |
| aka Jaquana Milledge, | ) | |
| | ) | |
| Debtor, | ) | |
| | ) | |
| Jaquana Tanecia Milledge, | ) | CHAPTER 13 |
| SSN# (xxx-xx-3074) | ) | |
| aka Jaquana T Milledge, | ) | |
| aka Jaquana Milledge, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Carolina Acceptance, | ) | |
| | ) | |
| Defendant(s) | ) | |
| | ) | Adv. Proc. No. 22-80001 |
| | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on today's date, I served on the persons and addresses below, by First Class Mail, postage paid, Debtors' Response to Motion to Dismiss.

Annemarie Belanger Mathews, via (CM/ECF)
Chapter 13 Trustee
3700 Forest Drive, Suite 302
Columbia, SC 29204

US Trustee's Office
Strom Thurmond Federal Bldg
1835 Assembly Street
Suite 953
Columbia SC 29201

SEE ATTACHED LIST

Moss & Associates, Attorneys, P.A.
By: /s/ Patrick Moss
Patrick Moss
816 Elmwood Avenue
Columbia, South Carolina 29201

Columbia, South Carolina

March 24, 2022

Label Matrix for local noticing
0420-3
Case 22-80001-jw
District of South Carolina
Columbia
Thu Mar  3 12:43:03 EST 2022

(p)CAROLINA ACCEPTANCE LLC
1400 BLUFF RD STE A
COLUMBIA SC 29201-4810

Jane H. Downey
Moore Bradley Myers Law Firm, P.A.
P.O. Box 5709
West Columbia, SC 29171-5709

Annemarie Belanger Mathews
Chapter 13 Office
3700 Forest Drive
Suite 302
Columbia, SC 29204-4010

Jaquana Tanecia Milledge
3 Fox Run Lane
Columbia, SC 29210-4965

Jason T. Moss
Moss & Associates, Attorneys, P.A.
816 Elmwood Avenue
Columbia, SC 29201-2027

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Carolina Acceptance
1400 Bluff Road, Suite A
Columbia, SC 29201

| End of Label Matrix | |
| --- | --- |
| Mailable recipients | 5 |
| Bypassed recipients | 0 |
| Total | 5 |