UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | |
| Jaquana Tanecia Milledge, | ) | CASE NO.: 21-02968-jw |
| SSN# (xxx-xx-3074) | ) | |
| aka Jaquana T Milledge, | ) | |
| aka Jaquana Milledge, | ) | |
| | ) | |
| Debtor, | ) | |
| | ) | |
| Jaquana Tanecia Milledge, | ) | CHAPTER 13 |
| SSN# (xxx-xx-3074) | ) | |
| aka Jaquana T Milledge, | ) | |
| aka Jaquana Milledge, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Carolina Acceptance, | ) | |
| | ) | |
| Defendant(s) | ) | |
| | ) | Adv. Proc. No. 22-80001-jw |
| | ) | |

AMENDED COMPLAINT SEEKING TURNOVER OF PROPERTY WITH MORE DEFINITE STATEMENTS

Jaquana Tanecia Milledge, by and through her counsel, complaining that Carolina Acceptance alleges and says that:

PARTIES

1. Jaquana Tanecia Milledge, is the Debtor in this Chapter 13 bankruptcy case pending before this Court, Case No. 21-02968-jw, and Plaintiff in this Adversary proceeding before this Court, Case No. 22-80001-jw.

2. Carolina Acceptance (the "defendant"), domiciled in the State of South Carolina, is the creditor in this Chapter 13 bankruptcy case pending before this Court, Case No. 21-02968-jw, and Defendant in this Adversary proceeding before this Court, Case No. 22-80001-jw.

## JURISDICTION

3. Jurisdiction for this action is premised upon 28 U.S.C. §§ 1334(a, b), 157(a).

4. This adversary proceeding is a core proceeding. 28 U.S.C. § 157(b)(2)(E).

5. This proceeding arises under Title 11 U.S.C. and arises in and relates to the Chapter 13 bankruptcy case of In re Jaquana Tanecia Milledge, Case No. 21-02968-jw, pending in the District of South Carolina. This Court may enter final judgment, and the plaintiff consents to the Court entering a final judgment.

6. Venue of this adversary proceeding appropriately exists in the District of South Carolina in compliance with 28 U.S.C. § 1409(a).

## FACTS

7. On or about August 14, 2020, Plaintiff filed a Chapter 13 bankruptcy case, Case No. 20-03242-dd, which this court subsequently dismissed on January 11, 2021.

8. On March 23, 2021, Plaintiff filed a second case under Chapter 13, Case No. 21-00808-dd, which this court dismissed on June 1, 2021, before confirmation.

9. On or about October 21, 2022, Plaintiff purchased on 2016 Dodge Charger SXT (Vin# 2C3CDXHG8GH227572) from the Defendant for $20,139.00. Plaintiff paid $4,550.00 as a down payment, with a deferred down payment amount of $500.00 due November 4, 2021. Plaintiffs first payment was due December 5, 2021, in the amount of $592.87.

10. On November 17, 2021, Plaintiff filed this present Chapter 13 bankruptcy case, Case No. 21-02968-jw.

11. The Plaintiff filed her schedules, statements, and plan of reorganization on the same day, November 17, 2021, proposing to pay Defendant the full balance of debt, at $383.00 per month at 5.25% interest over sixty (60) months.

12. Defendant asserted that they sent a Right to Cure Letter to Movant on November 30, 2021, with a date to redeem of December 20, 2021. Plaintiff states that she did not receive this. According to the Right to Cure, a payment of $500.00 was needed to cure the deficiency.

13. On December 6, 2021, Defendant filed its Objection to Chapter 13 Plan setting forth its objection only to the proposed interest rate and feasibility. Defendant did not state that property was not property of the estate in their objection.

14. On December 21, 2021, the court held the Section 341 Meeting of Creditors. Defendant did not attend this hearing.

15. The Defendant repossessed the property on December 21, 2021.

16. On or about December 22, 2021, Defendant sent Notice of Disposition of Collateral.

17. After repossession, Plaintiff, through her counsel, contacted Defendant's counsel to attempt to reach settlement. Defendant presented the Plaintiff with a settlement of giving back $2,000.00 of the $4,550.00 down payment that they had received. The Plaintiff rejected this offer since the return of the vehicle was necessary for Plaintiff's reorganization and without return of property estate was at risk.

18. On or about December 28, 2021, Plaintiff, through her counsel, over the phone, contacted Defendant's counsel to attempt to reach settlement. Plaintiff and Defendant, through their attorneys, agreed in principal that the Plaintiff would pay one payment for the December 2021 payment, immediately (by December 31, 2021) and one payment for the January payment by January 16, 2022, with applicable attorney's fees and repossession charges paid to the

Defendant through the plan. Debtor was to remove payment through the plan and begin making these payments outside of the plan. Debtor contacted the creditor to pay as agreed and told by the Defendant they would not accept payments. Defendant's attorney then stated that she **never** made any such agreement, constituting the need to file this action.

19. On or about December 29, 2021, Plaintiff, through her counsel, requested the amount needed to redeem the property based on agreement made between the parties. Defendant's attorney forwarded copy of Right to Cure only showing $500.00 needed.

20. On or about December 31, 2021, Plaintiff went to pay the agreed amount and was subsequently informed that Defendant would not accept payment.

21. Plaintiff's counsel contacted Defendant's counsel who stated that she had never agreed to any terms. She also said that they did not think that Plaintiff could pay her plan payment. Plaintiff's counsel responded that they thought they had an agreement in principle for the return of the 2016 Dodge Charger.

22. On January 3, 2022, Plaintiff filed this adversary proceeding, with Complaint and Motion for Immediate Turnover for the return of the 2016 Dodge Charger. The Plaintiff served the Complaint and Motion through next-day mail as well as by personal service to Defendant and Defendant's counsel with hearing scheduled for January 6, 2022.

23. On January 5, 2022, Defendant, through their counsel, responded to the Motion for Immediate Turnover. According to the Defendant, Defendant sold the property at a dealer sale on January 4, 2022. This was without notice to the parties and with full knowledge of Bankruptcy filed, Plan of Reorganization, and hearing schedule for Motion for Immediate Turnover of property.

24. On January 6, 2022, the Court held a hearing on the Motion for Immediate Turnover.

25. The Defendant sold the property prior to the hearing, Court indicated that they could not require immediate turnover of property but gave leave for Plaintiff to file an amended complaint.

26. On January 11, 2022, Plaintiff, through her counsel, filed her amended Complaint.

27. On January 21, 2022, Defendant filed Motion to Dismiss.

28. On February 17, 2022, the Court held a hearing on the Motion to Dismiss. The Court granted the motion in part as to 11 U.S.C. § 362, however did not dismiss in its entirety granting the Plaintiff 15 days to amend her complaint.

29. On March 3, 2022, Plaintiff, through her counsel, filed her amended Complaint.

30. On March 14, 2022, Defendant filed Motion to Dismiss.

31. On March 24, 2022, Plaintiff filed Response to Motion to Dismiss.

32. The Court, through agreement of Counsel, decided the Motion to Dismiss, without oral arguments. The Court issued an Order, on April 7, 2022, denying Defendant's Motion to Dismiss, but Ordering Plaintiff to make Definite Statements regarding causes of action related to 108(b), circumstances related to any agreements being litigated in this adversary proceeding and all damage claims related to the different causes of action.

## FIRST CAUSE OF ACTION
[That the filling of the present case created Property of the Estate – 11 U.S.C. §§ 541(a), 542, and 1306(b)]

33. The Plaintiff realleges here all prior paragraphs of this complaint consistent with this cause of action, particularly paragraphs 7 – 32 and all subparts thereto.

34. The Plaintiff filed her case on November 17, 2022, listing the 2016 Dodge Charger SXT in her schedules and addressing treatment for Defendant in the Plan of Reorganization listing the vehicle as property of the estate.

35. The Defendant filed an objection to the Plan of Reorganization on December 6, 2022, objecting to interest rate and feasibility, never mentioning that vehicle was not property of the estate.

36. The Defendant made requests in their objection, one being the property in question paid in the plan, but also gave the Court latitude to conclude any treatment as the Court saw fit. Defendant also objected to interest rate but did not raise the issue of property of the estate or possession of such. Specifically, "should the Debtor retain the collateral under lien to Creditor, Creditor hereby objects to receiving only a 5.25% interest rate."

37. The Plaintiff pleads that the Court find that the 2016 Dodge Charger SXT was property of the estate with the stated protections of 11 U.S.C. §§ 541(a), 542, and 1306(b).

38. Wherefore, the Plaintiff prays that this court enter a judgement against the Defendant in the total amount of $34,000, which consists of actual damages of the fair market value of subject property, punitive damages (i.e., use of alternate transportation, lost wages, and other expenses and costs) and reasonable attorney's fees and cost.

SECOND CAUSE OF ACTION
[Contents of Plan - 11 U.S.C. §1322(b)(3)]

39. The Plaintiff realleges here all prior paragraphs of this complaint consistent with this cause of action, particularly paragraphs 7 – 38 and all subparts thereto.

40. On November 17, 2022, Plaintiff filed her Plan of Reorganization addressing the claim of the Defendant providing the curing of any default, namely the full balance of the debt on the 2016 Dodge Charger SXT.

41. On December 6, 2022, Defendant objected to the Plan of Reorganization objecting to the interest rate proposed in the plan and feasibility. The Defendant did not object to the other treatment of its debt, namely paying the debt in full thus curing any default.

42. The Plaintiff pleads that the Court find that the 2016 Dodge Charger SXT and the debt attached thereto the Plaintiff's Plan of Reorganization addressed curing any default as pled under 11 U.S.C. §1322(b)(3).

43. Wherefore, the Plaintiff prays that this court enter a judgement against the Defendant in the total amount of $34,000, which consists of actual damages of the fair market value of subject property, punitive damages (i.e., use of alternate transportation, lost wages, and other expenses and costs) and reasonable attorney's fees and cost.

## THIRD CAUSE OF ACTION
[Extension of Time based on Settlement - 11 U.S.C. §108(b)]

44. The Plaintiff realleges here all prior paragraphs of this complaint consistent with this cause of action, particularly 7 – 43 and all subparts thereto.

45. The Plaintiff pleads that there an agreement between the parties to cure the issue at hand when the parties, through their counsel, agreed in principle to a resolution of the issue at hand.

46. Section 108(b) allows for the extension of time to allow for settlement to commence for non-bankruptcy related issues. This would include from not limited to a Right to Cure and Right of Redemption.

47. Through the bankruptcy petition filed on November 17, 2021, the Plaintiff created through the filing of her Chapter 13 plan, under 11 U.S.C. §1322(b)(3), redemption of the property securing the debt held by the Defendant.

48. Section 108(b) of the code would have afforded an extension of time of 60 days to resolve the issue regarding the subject property to January 16, 2022. Thus, the Right to Cure, sent on November 30, 2021, and the Right of Redemption (Notice of Disposition), sent on December 22, 2021, would be improper.

49. Defendant, however, sent the Right to Cure however on November 30, 2021, setting a date of December 20, 2022, to cure any deficiency regarding the debt owed on the subject property. 11 U.S.C. §108(b) would allow for an extension of time of sixty (60) days from the date the Right to Cure, allowing for a cure of any deficiency to December 29, 2022.

50. However, due to the repossession of the subject property, through negotiations between counsel over the telephone and through text messages, the Plaintiff agreed to a timeline as set above for payments to cure the issue at hand. According to the agreement, two payments would accomplish the cure. The first cure payment would be by December 31, 2021, and the second would be by January 16, 2022. Accordingly, the Plaintiff would pay the debt for the subject property directly to the Defendant and taken out of the Plaintiff's Chapter 13 plan. This would have also resolved the objection that had filed by the Defendant on December 6, 2021.

51. The Defendant sent the Right of Redemption on December 22, 2021, which gave a finite period to redeem the property by January 3, 2022. Plaintiff would assert that redemption occurred upon the filing of the plan under 11 U.S.C. §1322(b)(3), since the filing of a Chapter 13 plan is a redemption of property.

52. Under 11.U.S.C. 108(b), the date would extend by sixty (60) days resulting in a date to redeem the property to February 19, 2022.

53. The Plaintiff pleads the Court find that the Plaintiff and Defendant entered an agreement, and/or, entered a finite period to cure a default that under 11 U.S.C. §108(b) of the end of such period after the commencement of the case or 60 days from the order of relief, being Notice of Disposition of Collateral, or the agreement between the two parties.

54. Wherefore, the Plaintiff prays that this court enter a judgement against the Defendant in the total amount of $34,000, which consists of actual damages of the fair market value of subject property, punitive damages (i.e., use of alternate transportation, lost wages) and reasonable attorney's fees and cost.

FOURTH CAUSE OF ACTION
[Right to Cure under S.C. Code Ann. §37-5-110]

55. The Plaintiff realleges here all prior paragraphs of this complaint consistent with this cause of action, particularly 7 – 43 and all subparts thereto.

56. S.C. Code Ann. §37-5-110, required the Defendant to forward a Notice of Right to Cure after a consumer has been in default for ten days and has not voluntarily surrendered the subject property. The notice will be of a certain type and form and will provide a date finite to cure any deficiencies.

57. The Defendant forwarded the Notice of Right to Cure to the Plaintiff on, or about, November 30, 2021, after the Plaintiff had filed her Chapter 13 bankruptcy and filed her accompanying Chapter 13 plan.

58. 11 U.S.C. §108(b), allows an extension of time for up to sixty (60) days for an applicable non-bankruptcy law, as in such case S.C. Code Ann. §37-5-110. Thus, the extension of time would have afforded the Plaintiff with an additional sixty (60) days to answer the Right to Cure, setting this date to December 29, 2021.

59. Through negotiations between counsel over the telephone and through text messages, the Plaintiff agreed to a timeline as set above for payments to cure the issue at hand. According to the agreement, two payments would accomplish the cure. The first cure payment would be by December 31, 2021, and the second would be by January 16, 2022. Accordingly, the Plaintiff would pay the debt for the subject property directly to the Defendant and taken out of the Plaintiff's Chapter 13 plan. This would have resolved the issue resulting from the Right to Cure curing the stated deficiency.

60. Wherefore, the Plaintiff prays that this court enter a judgement against the Defendant in the total amount of $34,000, as set forth under S.C. Code Ann. § 37-5-202, which consists of actual damages of the fair market value of subject property, punitive damages (i.e., use of alternate transportation, lost wages) and reasonable attorney's fees and cost.

FIFTH CAUSE OF ACTION
[Cure of Default under S.C. Code Ann. §37-5-111]

61. The Plaintiff realleges here all prior paragraphs of this complaint consistent with this cause of action, particularly 7 – 60 and all subparts thereto.

62. S.C. Code Ann. §37-5-111, required the Defendant to forward a Notice of Disposition after a Right to Cure under S.C. Code Ann. §37-5-110, the consumer has a finite period to redeem the property set at specific terms set by the creditor.

63. The Defendant forwarded the Notice of Disposition to the Plaintiff on, or about, December 22, 2021, after the Plaintiff had filed her Chapter 13 bankruptcy and filed her accompanying Chapter 13 plan. The Notice of Disposition set a date of redemption of January 3, 2022.

64. 11 U.S.C. §108(b) allows for an extension of time for up to sixty (60) days for an applicable non-bankruptcy law, as in such case S.C. Code Ann. §37-5-111. Thus, the extension of time would have afforded the Plaintiff with an additional sixty (60) days to answer the Notice of Disposition, setting this date to February 19, 2022.

65. Through negotiations between counsel over the telephone and through text messages, the Plaintiff agreed to a timeline as set above for payments to cure the issue at hand. According to the agreement, two payments would accomplish the cure. The first cure payment would be by December 31, 2021, and the second would be by January 16, 2022. Accordingly, the Plaintiff would pay the debt for the subject property directly to the Defendant and taken out of the Plaintiff's Chapter 13 plan. This would have resolved the issue resulting from the Notice of Disposition curing the stated deficiency and redeeming the property.

66. Wherefore, the Plaintiff prays that this court enter a judgement against the Defendant in the total amount of $34,000, as set forth under S.C. Code Ann. § 37-5-202, which consists of actual damages of the fair market value of subject property, punitive damages (i.e., use of alternate transportation, lost wages, and other expenses and costs) and reasonable attorney's fees and cost.

SIXTH CAUSE OF ACTION
[Right to Redeem Collateral based on Uniform Consumer Code under S.C. Code Ann. §36-9-623]

67. The Plaintiff realleges here all prior paragraphs of this complaint consistent with this cause of action, particularly 7 – 66 and all subparts thereto.

68. Under S.C. Code Ann. §36-9-623, the Plaintiff has a right to redeem collateral and shall tender fulfillment of all obligations secured by the collateral performed by the filing of Plaintiff's Chapter 13 plan.

69. The Defendant forwarded the Notice of Disposition to the Plaintiff on, or about, December 22, 2021, after the Plaintiff had filed her Chapter 13 bankruptcy and filed her accompanying Chapter 13 plan. The Notice of Disposition set a date of redemption of January 3, 2022.

70. 11 U.S.C. §108(b), allows for an extension of time for up to sixty (60) days for an applicable non-bankruptcy law, as in such case S.C. Code Ann. §36-9-623. Thus, the extension of time would have afforded the Plaintiff with an additional sixty (60) days to answer the Notice of Disposition, setting this date to February 19, 2022.

71. Through negotiations between counsel over the telephone and through text messages, the Plaintiff agreed to a timeline as set above for payments to cure the issue at hand. According to the agreement, two payments would accomplish the cure. The first cure payment would be by December 31, 2021, and the second would be by January 16, 2022. Accordingly, the Plaintiff would pay the debt for the subject property directly to the Defendant and taken out of the Plaintiff's Chapter 13 plan. This would have resolved the issue resulting from the Notice of Disposition curing the stated deficiency and redeeming the property.

72. Wherefore, the Plaintiff prays that this court enter a judgement against the Defendant in the total amount of $34,000, as set forth under S.C. Code Ann. § 36-9-625, which consists of actual damages of the fair market value of subject property, punitive damages (i.e., use of alternate transportation, lost wages, and other expenses and costs) and reasonable attorney's fees and cost.

WHEREFORE, the Plaintiff prays that the Court:

a.      Find that Defendant is in contempt of Court for violating 11 U.S.C. §§ 541(a), 542, 1306(b)(3), 1322(b)(3), 108(b), S.C. Code Ann. §§ 37-5-110, 111 and 36-6-623.

      b.      Order Defendant forthwith to turn over to the Plaintiff and award Plaintiff, pursuant to 11 U.S.C. § 105(a) for violation of 11 U.S.C. §§ 541(a), 542, 1306(b)(3), 1322(b)(3) and 108(b), S.C. Code Ann. §§ 37-5-110, 111 and 36-6-623, actual damages consisting of the fair market value of the subject property, punitive damages, and reasonable attorney's fees, in the total amount of $34,000.

      d.      Order giving such other and further relief as is just and proper.

Respectfully submitted.

MOSS & ASSOCIATES, ATTORNEYS, P.A.

/s/ Jason T. Moss
Jason T. Moss
Federal I.D. No. 7240
816 Elmwood Avenue
Columbia, South Carolina 29201
(803) 933-0202
Attorney for the Debtor(s)

Columbia, South Carolina

April 16, 2022

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| **IN RE** <br> Jaquana Tanecia Milledge, <br> SSN# (xxx-xx-3074) <br> aka Jaquana T Milledge, <br> aka Jaquana Milledge, <br><br> Debtor, <br><br> Jaquana Tanecia Milledge, <br> SSN# (xxx-xx-3074) <br> aka Jaquana T Milledge, <br> aka Jaquana Milledge, <br><br> Plaintiff, <br><br> v. <br><br> Carolina Acceptance, <br><br> Defendant(s) | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CASE NO.: 21-02968 jw <br><br><br><br><br><br><br><br> CHAPTER 13 <br><br><br><br><br><br><br><br><br><br><br><br><br><br> Adv. Proc. No. 22-80001 |

**CERTIFICATE OF SERVICE**

     I, the undersigned, do hereby certify that on April 18, 2022, I served on the persons and addresses below, by First Class Mail, postage paid, Debtors' Amended Complaint Seeking Turnover of Property with More Definite Statements.

Annemarie Belanger Mathews, via (CM/ECF)
Chapter 13 Trustee
3700 Forest Drive, Suite 302
Columbia, SC 29204

US Trustee's Office
Strom Thurmond Federal Bldg
1835 Assembly Street
Suite 953
Columbia SC 29201

SEE ATTACHED LIST

                                                Moss & Associates, Attorneys, P.A.
                                                By: <u>/s/ Patrick Moss</u>
                                                Patrick Moss
                                                816 Elmwood Avenue
                                                Columbia, South Carolina 29201

Columbia, South Carolina

April 18, 2022